OPINION OF THE COURT
Per Curiam.
Order entered October 26, 1989 unanimously reversed, on the law, accusatory instrument reinstated, and case remanded to the Criminal Court for further proceedings as are appropriate.
Criminal Court erred when it, sua sponte, dismissed this misdemeanor "fare-beating” charge (Penal Law § 165.15 [theft *228 of services]) upon defendant’s arraignment. There is no "compelling” factor or circumstance demonstrating that conviction or prosecution "would constitute or result in injustice” (CPL 170.40 [1]), and indeed none was specified by the court below. "In our view, the overriding consideration here is what we believe to be the negative impact of a dismissal upon the confidence of the public in the criminal justice system (CPL section 170.40 [1] [g], [h]). It scarcely requires comment that the widespread incidence of offenses such as the one at bar constitutes a drain upon the resources of the transit system. The community has a right to expect that our courts will treat these matters seriously.” (People v Willey, NYLJ, Nov. 28, 1983, at 6, col 1 [App Term, 1st Dept], lv denied 61 NY2d 912.)
This constitutes the decision and order of the court.
Sandifer, J. P., Miller and McCooe, JJ., concur.